TATUM BROS. REAL ESTATE & INVESTMENT CO. v. SHENK.

(Circuit Court of Appeals, Fifth Circuit. December 13, 1917.)

No. 3062.

APPEAL AND ERROR ☞931(10)—REVIEW—PRESUMPTIONS.

There is a presumption in favor of the correctness of the findings upon which the decree appealed from was based.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by W. E. Shenk against the Tatum Brothers Real Estate & In-

vestment Company, a corporation. From a decree for plaintiff, defendant appeals. Affirmed.

W. P. Smith and Frank B. Shutts, both of Miami, Fla., and Edwin T. Merrick, of New Orleans, La., for appellant.

F. M. Hudson, of Miami, Fla. (Hudson, Wolfe & Cason, of Miami, Fla., on the brief), for appellee.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

PER CURIAM. The sufficiency of the plaintiff's (appellee's) averments of diversity of citizenship to give the court jurisdiction of the case is not questioned, and is not open to question. The sufficiency of the evidence adduced to support the averment of the plaintiff's citizenship is questioned in this court for the first time. We are of opinion that that evidence well supports the conclusion that prior to the bringing of the suit the plaintiff was a resident citizen of a state other than Florida, the state in which the suit was brought, and that at the time the suit was brought he had not lost such citizenship.

A phase of the evidence adduced well supported the findings made by the master and which were approved by the trial court. That evidence consisted principally of testimony of witnesses given in the presence of the trial judge before the reference to the master was made. The evidence relied on as being opposed to the findings mentioned is not such as to make it clearly appear that those findings were improper.

The conclusion is that the presumption in favor of the correctness of the findings upon which the decree appealed from was based has not been overcome, and that it does not appear from the record that that decree was erroneous. It is affirmed.